```
BRANDON M. SMITH - SBN 228065
LAW OFFICES OF BRANDON M. SMITH
105 West F St., 3rd Floor
San Diego, California 92101
Telephone:  (619) 236-8344
Facsimile: (619) 236-8820


Attorney for Plaintiff
LUIS M. FLORES
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. FLORES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF ESCONDIDO; ESCONDIDO POLICE DEPARTMENT; RUSSELL A. GAY, JR., an individual; and DOES 1 through 30, inclusive, <br><br> Defendants. | CASE NO. **'15CV813 JM WVG** <br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES: <br><br> (1)   VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE) <br> (2)   FAILURE TO PROPERLY SCREEN AND HIRE <br> (3)   FAILURE TO PROPERLY TRAIN <br> (4)   FAILURE TO SUPERVISE AND DISCIPLINE <br> (5)   *MONELL* LIABILITY FOR PATTERN OF BRUTALITY <br> (6)   VIOLATION OF THE BANE ACT PURSUANT TO CALIFORNIA CIVIL CODE §52.1 <br><br> **JURY TRIAL IS HEREBY DEMANDED** |

COMES NOW, LUIS M. FLORES, Plaintiff, by and through his attorney of record, Brandon M. Smith, and alleges and complains as follows:

## GENERAL ALLEGATIONS

1.   Jurisdiction is founded upon the existence of a federal question.

2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the

1

Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution (42 U.S.C § 1983) and the laws and statutes of the State of California.

3.   Jurisdiction is founded upon 28 U.S.C. § 1331, §1343(3) and (4).

4.   This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

5.   Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiffs' claims occurred in Escondido, California a city in the County of San Diego, California.

6.   The matter in controversy exceeds, exclusive of interest and costs, the sum value of ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS.

7.   At all times relevant to this complaint, Plaintiff was residing in San Diego County, California.

8.   At all times relevant to this complaint, Defendant, RUSSELL A. GAY, JR., was an employee of the ESCONDIDO POLICE DEPARTMENT.

9.   At all times relevant to this complaint, DOES 1 through 30 were officers and/or agents of the CITY OF ESCONDIDO and were acting within the scope of their employment for the ESCONDIDO POLICE DEPARTMENT.

10.  Plaintiff is ignorant of the true names and capacities of DOES 1 through 30, inclusive, and/or is ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

**11.** These Defendants were agents, servants and employees of other named Defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either express or implied, of their principal and/or employer, and each of the other named Defendants had approved or ratified the actions of the other Defendants thereby making the currently named Defendants herein liable for the acts and/or omissions of their agents, servants, and/or employees.

## FACTUAL ALLEGATIONS

12.  Plaintiff incorporates herein by this reference as though fully set forth, all the foregoing and subsequent allegations of this Complaint.

13.  Plaintiff, LUIS M. FLORES, is a resident of Escondido, California.

14.  On the evening of June 27, 2014, Plaintiff was returning to his home in Escondido, California, after spending time with his friends at a nearby ranch.

15.  Plaintiff was driving a white pickup that he was borrowing from his employer.

16.  While the Plaintiff was driving westbound on El Norte Parkway, RUSSELL A. GAY, JR. (hereinafter Officer GAY), an on duty officer for the ESCONDIDO POLICE DEPARTMENT, drove behind the Plaintiff and activated his lights and siren in order to pull the Plaintiff over for allegedly speeding and having a broken tail light.

17.  The Plaintiff believed that the lights and siren were from an ambulance or other emergency vehicle so he pulled over to move out of the way and allow the emergency vehicle to pass.

18.  After Plaintiff pulled over he realized that the emergency lights did not pass him and he became confused.  The Plaintiff then heard someone yelling at him to exit the vehicle and put his hands up.  At this time the Plaintiff became scared and did not know what was going on.

19.  After the Plaintiff exited the vehicle as instructed by the officer, the Plaintiff panicked and began to run away from the officer.

20.  Plaintiff is only 5 feet 6 inches tall and weighed only 156 lbs at the time of the incident.

21.  At no time did the Plaintiff ever grab any items out of his vehicle prior to running.

22.  At no time did the Plaintiff ever threaten Officer GAY in any way.

23.  At no time did the Plaintiff possess any weapons or point any objects in Officer GAY's direction.

24.  Officer GAY quickly ran after and caught up to the Plaintiff.

25. When Officer GAY caught up to the Plaintiff he did not attempt to restrain the Plaintiff. Rather, Officer GAY began relentlessly beating the Plaintiff with his police baton and knocked the Plaintiff to the ground.

26. While Officer GAY was beating the Plaintiff with his baton the Plaintiff did not resist or fight back.

27. Even though the Plaintiff was on the ground and not resisting, Officer GAY continued to beat the Plaintiff with his police baton.

28. Officer GAY continued to beat the Plaintiff unnecessarily despite third party witnesses screaming and begging Officer GAY to stop.

29. Officer GAY struck the Plaintiff with so much force that he fractured the Plaintiff's right elbow and right leg. These injuries were so severe that the wounds penetrated the Plaintiff's skin exposing the broken bones.

30. After breaking the Plaintiff's elbow and leg, Officer GAY finally stopped striking the Plaintiff with his baton. However, his abuse and excessive use of force did not stop.

31. Even though the Plaintiff clearly could offer no resistance to Officer GAY because he was suffering from a broken elbow, broken leg and laying on the ground, Officer GAY decided to needlessly spray the Plaintiff in the face with pepper spray.

32. The incident was witnessed by multiple third parties who described the Officer GAY's conduct as "brutal", "horrible" and "police brutality".

33. As a result of the beating, the Plaintiff suffered the following injuries:
    a. Right open tibia and fibula fracture.
    b. Right open elbow fracture with punctate wound
    c. Laceration to the right upper arm separate from the open fracture site.
    d. Bruising of the left thigh.
    e. Bruising of the right chest area.
    f. Bruising of the right bicep area.
    g. Abrasion to upper left side of left knee.

      h. Abrasions to head area.

      i. Loss of consciousness.

34. As a result of the numerous injuries, the Plaintiff was taken to the emergency room at Palomar Medical Center. The Plaintiff ultimately required multiple surgeries to repair the bone fractures and was hospitalized from June 27, 2014 through July 3, 2015.

35. Even though almost 10 months have passed since the incident, the Plaintiff is still recuperating from his injuries and has suffered permanent physical limitations.

36. The Plaintiff is informed and believes and on that basis alleges, that Officer GAY may have previously used excessive force as a member of the Escondido Police Department when he shot Michael Joshua Flores six to seven times on October 29, 2011.

37. The Escondido Police Department was on notice of this prior use of excessive force, however, they unreasonably continued to employ him, thereby subjecting the general public and the Plaintiff to additional incidents of excessive force by Officer GAY.

38. On or about December 10, 2014, the Plaintiff timely filed a claim with the City of Escondido for the damages set forth above pursuant to California Government Code Section 945.4.

39. On or about January 28, 2015, the City of Escondido rejected the Plaintiff's claim.

### FIRST CAUSE OF ACTION
**(Civil Rights Action 42 U.S.C. § 1983 - Excessive Force)**
Against All Defendants

40. Plaintiff incorporates herein by this reference as though fully set forth in all the foregoing and subsequent allegations of this Complaint.

41. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

42. Plaintiff, had a firmly established right under the Fourth Amendment to be free from physical abuse, assault, battery, and intentional and negligent infliction of emotional distress. Plaintiff had a firmly established right to be free from excessive force being used against him to effect an arrest, search or seizure; to be free from the imposition of summary punishment without due process of law; and to be free from the imposition of cruel and unusual punishment.

43. At the time the Plaintiff was brutally beaten by Officer GAY, the Plaintiff posed no threat to Officer GAY or any other individual.

44. Officer GAY's actions were unnecessary, excessive and without justification.

45. The use of excessive force caused the Plaintiff to suffer injury, damage, loss or harm according to proof at the time of trial.

46. According to statutory provisions regarding penalties in a related section, the Plaintiff is entitled to attorney fees and costs incurred herein.

**SECOND CAUSE OF ACTION**
**(Civil Rights Action 42 U.S.C. § 1983 - Failure to Properly Screen and Hire)**
Against Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT

47. Plaintiff incorporates herein by this reference as though fully set forth in all the foregoing and subsequent allegations of this Complaint.

48. Based on the allegation that ESCONDIDO POLICE DEPARTMENT employee Officer GAY unlawfully used excessive force and brutally beat and pepper sprayed

the Plaintiff when he was not resisting arrest, it is alleged that the Defendants, CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, their agents, servants and employees failed to adequately and properly screen and hire Officer GAY.

49. The failure of the Defendants, CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, their agents, servants and employees to properly screen and hire Defendant Officer GAY as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of Plaintiff and done with conscious disregard for the dangers of harm and injury to the Plaintiff and others similarly situated.

50. Due to the acts of the Defendants, the failure to properly screen and hire officers and the continued employment of Defendant Officer GAY presents a clear and present danger to residents of the county of San Diego.

51. The lack of adequate screening and hiring practices by Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, evidences deliberate indifference to the rights of the Plaintiff and others in his position.

**THIRD CAUSE OF ACTION**
**(Civil Rights Action 42 U.S.C. § 1983 - Failure to Properly Train)**
Against Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT

52. Plaintiff incorporates herein by this reference as though fully set forth in all the foregoing and subsequent allegations of this Complaint.

53. Based on the allegation that ESCONDIDO POLICE DEPARTMENT employee Officer GAY unlawfully used excessive force and brutally beat and pepper sprayed the Plaintiff when he was not resisting arrest, it is alleged that the Defendants, CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, their agents, servants and employees failed, as a matter of custom practice and policy, failed to maintain adequate and proper training necessary to educate the law enforcement officers they employed as to the Constitutional rights of arrestees; to prevent the consistent and

systematic use of excessive force by arresting officers; and to prevent the extrajudicial punishment of arrestees by law enforcement officers.

54. Defendants, CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, failed to provide adequate training and supervision to law enforcement officers that hold the power, authority, insignia, equipment and arms entrusted to them.  These Defendants failed to promulgate and enforce adequate policies and procedures related to law enforcement misconduct, the violation of citizens' civil rights by law enforcement officers, and harassment and assault.

55. Therefore, these Defendants, with deliberate in difference disregarded a duty to protect the public from official misconduct.

56. The failure to promulgate or maintain Constitutionally adequate training was done with deliberate indifference to the rights of the Plaintiff and others in his position.

57. The Constitutionally infirm lack of adequate training as to the officers in this case caused Plaintiff's damages.

**FOURTH CAUSE OF ACTION**
(Civil Rights Action 42 U.S.C. § 1983 - Failure to Properly Supervise and Discipline)
Against Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT

58. Plaintiff incorporates herein by this reference as though fully set forth in all the foregoing and subsequent allegations of this Complaint.

59. Based on the allegation that ESCONDIDO POLICE DEPARTMENT employee Officer GAY previously used excessive force in October 2011 and that he again used excessive force and brutally beat and pepper sprayed the Plaintiff when he was not resisting arrest, it is alleged that the Defendants, CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, their agents, servants and employees failed, as a matter of custom practice and policy, to supervise officers in the department to prevent, deter, and punish the unconstitutional and excessive use of force in effecting

1 arrests.

60. Upon information and belief, the Defendants knew or should have known of the dangerous propensities of Officer GAY, but took no steps to train him, correct his abuse of authority, or discourage his unlawful use of authority.

61. To the contrary, Defendants condoned and acquiesced on the abusive behavior of Officer GAY by refusing to retrain him, discipline him, or correct his abusive and unlawful behavior. That acquiescence had advised Officer GAY and other officers that using excessive force during an arrest, search or seizure and using deadly force when in no danger and with no justification is acceptable under the policies of the ESCONDIDO POLICE DEPARTMENT.

62. These Defendants had knowledge of prior incidents of misconduct and civil rights violations by other officers involving similar facts.

63. These Defendants were, or should been aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens of San Diego County and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by its officers.

64. The constitutionally deficient investigation of incidences and lack of discipline was done with deliberate indifference to the rights of Plaintiff and others in his position.

65. This lack of adequate supervision and discipline caused Plaintiff's damages.

**FIFTH CAUSE OF ACTION**
(*Monell* **Municipal Liability Civil Rights Action 42 U.S.C. §1983 for** *De Facto* **Policy of Use of Excessive Force)**
Against Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT

66. Plaintiff incorporates herein by this reference as though fully set forth, all the foregoing and subsequent allegations of this Complaint.

67. Based on the allegation that ESCONDIDO POLICE DEPARTMENT employee

Officer GAY previously used excessive force in October 2011 and that he again used excessive force and brutally beat and pepper sprayed the Plaintiff when he was not resisting arrest, it is alleged that the Defendants, CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT, acting under color of law, have subjected Plaintiff and others similarly situated to a pattern of conduct consisting of assault, battery, intentional and negligent infliction of emotional distress, the use of excessive force to effectuate arrests, searches, and seizures, the imposition of punishment without due process of law, and cruel and unusual punishment in denial of rights, privileges and immunities guaranteed Plaintiff and other residents of the State of California by the Constitution of the United States.

68.   The systematic pattern of conduct consists of a large number of acts of violence, threats of violence and intimidation visited on Plaintiff and other residents of San Diego County by law enforcement officers, and the systematic failure to conduct investigations when a complaint is made.  They have no justification in law and are unrelated to any activity in which officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

69.   These Defendants permitted the use of excessive force as a *de facto* policy that was violative of the constitutional rights of the Plaintiff.

70.   In pursuance of this *de facto* policy, Defendants' law enforcement officers committed assault and battery upon Plaintiff and other resident arrestees and failed to conduct a fair, unbiased investigation when a report of improper conduct is made.

71.   These Defendants knew or should have known the risks posed by their *de facto* policies regarding excessive force.

72.   These Defendants were deliberately indifferent to the right of the Plaintiff to be free from, and protected from, harm by the brutality of law enforcement officers and to be secure in his bodily integrity.

73.   As a direct result of the illegal actions and conduct on the part of the Defendants, their agents, servants and employees, Plaintiff was unjustifiably assaulted, battered,

and intentionally and negligently inflicted with emotional distress and his Constitutional rights were violated.

74. During the relevant period Officer GAY was acting pursuant to the unwritten but *de facto* policies of Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT.

75. Although Defendants knew or should have known of the fact that a pattern of brutality exists within the ESCONDIDO POLICE DEPARTMENT, Defendants have not taken any steps or made any efforts to halt this course of conduct, or to take any disciplinary action against their employees.

76. The unlawful and illegal conduct of the Defendants, their agents, servants and employees and each of them deprived Plaintiff of the rights, privileges and immunities secured to him by the Constitution of the United States and the State of California.

77. These Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

78. By engaging in the acts alleged herein, the Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff, in part by using unreasonable and excessive force.

79. As a direct, proximate and foreseeable result of the Defendants breach of their duty of care, Plaintiff has suffered damages in an amount according to proof at the time of trial.

### SIXTH CAUSE OF ACTION
**(California Civil Rights Violation pursuant to California Civil Code § 52.1)**
Against ALL Defendants

80. Plaintiff incorporates herein by this reference as though fully set forth in all the foregoing and subsequent allegations of this Complaint.

81. Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution, and the equivalent provisions of the California State Constitution.

82. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation, or coercion, and unreasonable or excessive force.

83. The Defendants interfered with the Plaintiff's right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment of the United States Constitution and the equivalent provisions of the California Constitution when they brutally beat and pepper sprayed the Plaintiff, among other, acts during the relevant time period and instance described herein.

84. This interference with the Plaintiff's rights was perpetrated by the Defendants in violation of Civil Code § 52.1, and his rights under the Fourth through Fourteenth Amendments to the United States Constitution, to be free from excessive force.

85. Due to the violation of and interference with the Plaintiff's rights by all Defendants, Plaintiff suffered economic and non-economic damages, including but not limited to emotional distress, pain and suffering, medical expenses, humiliation and fear caused by the acts complained herein according to proof at the time of trial.

86. Plaintiff is also entitled to the statutory penalties set forth in Civil Code § 52, the attorneys' fees and costs of suit incurred herein.

## **DAMAGES**

87. The conduct of the Defendants alleged herein also amounts to oppression, fraud or malice and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example. Defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT are liable for the acts of its employees and law enforcement officers as they have agreed with or ratified the acts of the officers.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For General Damages in an amount to be determined by proof at trial;
2. For medical and related expenses in an amount to be determined by proof at trial;
3. For damages for emotional distress in an amount to be determined at trial;
4. For past and future lost earnings in an amount to be determined by proof at trial;
5. For damages for impairment of earning capacity in an amount to be determined by proof at trial;
6. For costs of suit incurred herein;
7. For punitive damages;
8. For attorney's fees; and
9. Any further injunctive or declaratory relief this court deems just and proper, including an injunction requiring the institution or appropriate screening and hiring procedures, proper training procedures, appropriate supervision and discipline procedures and prohibitions of the use of unjustified and unreasonable force.

DATED: April 12, 2015            LAW OFFICES OF BRANDON M. SMITH

*/s/ Brandon M. Smith*
BRANDON M. SMITH
Attorneys for Plaintiff
LUIS FLORES